Date signed July 12, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE: :
:
BIG TOE ENTERPRISES, LLC : Case No. 06-10449PM
: Chapter 7
Debtor :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

This case is before the court on the Motion of Janet M. Nesse, the Chapter 7 Trustee of the bankruptcy estate of Big Toe Enterprises, LLC, to sell certain property of the Debtor located at 7259 A & B Hanover Parkway, Greenbelt, Maryland, free and clear of any and all liens pursuant to 11 U.S.C. § 363. The Motion is opposed by persons who are competing bidders, as well as by Judith Henry, DMD, who urges, pursuant to § 365(h)(1) of the Bankruptcy Code, that she may remain in the subject property pursuant to an agreement dated July 1, 2005, signed by her and Thomas Edler, the principal of the Debtor.

Inasmuch as the sale is not free and clear of all interests in the property, the court will not grant the Motion, as it is unclear whether the property is conveyed subject to any interests of Dr. Henry. The agreement creating Dr. Henry's interest is one of the most unusual and poorly drafted documents ever before the court. On one hand, Dr. Henry may, for a modest rental, use a portion of the premises, including as well, use of all common areas, the lunchroom, all utilities, and support staff, as well as all computers and instruments and equipment necessary to provide dental services, free of the cost of any repairs and attendant insurance. On the other hand, Dr. Henry has no obligation to pay any rent whatsoever for the property if she elects not to use it. This agreement states that it lasts 10 years with a 10-year option to renew, and the only rights of

Big Toe Enterprises, LLC, in the event that Dr. Henry chooses to occupy the property and fails to pay the required fees, the Debtor is to give 60 days notice of default that Dr. Henry must commence to cure the default.  Dr. Henry retains the right to sublet the space to other dentists.  To complicate the matter further, Dr. Edler did not schedule any agreement with Dr. Henry on Schedule G that states under oath all executory contracts and unexpired leases of the Debtor.  Furthermore, Dr. Henry has not paid the Trustee any rent for the use of the property during the pendency of this case.

As stated in M.L.E. *Landlord and Tenant* §3 (2000), "[a] primary test of whether a landlord and tenant relation exists is whether there is an obligation to pay rent, and while a valid demise may exist even though no rent is paid, for practical purposes it may be assumed that unless such rent is paid or reserved, there is no tenancy."  It is anything but clear as to whether this agreement creates a landlord and tenant relationship or what the interest of Dr. Henry in the property is.  In such circumstances, the appropriate method of determining Dr. Henry's interest is through an adversary proceeding filed pursuant to Bankruptcy Rule 7001[2] to determine the validity or extent of her interest in the property.

The court is mindful of the fact that the property is subject to foreclosure that will, of course, render the question of Dr. Henry's interest in the property moot.  An appropriate order will be entered.

cc:
Janet M. Nesse, Trustee, 1150 18th Street, N.W., Suite 800, Washington, DC 20036
Gregory P. Johnson, Esq., 7237 Hanover Parkway, Suite C., Greenbelt, MD 20770
Marc E. Albert, Esq., 1150 18th Street, N.W., Suite 800, Washington, DC 20036
Glenn D. Solomon, Esq.,  8 Park Ctr Court, Suite 200, Owings Mills, MD 21117
Frank J. Emig, Esq., Greenway Center East, Suite 314, Greenbelt, MD 20770
Bruce E. Gardner, Esq., 1101 Pennsylvania Avenue, N.W., #600, Washington, DC 20004
Jeffrey W. Bernstein, Esq., 9101 Cherry Lane, Suite 207, Laurel, MD 20707

**End of Memorandum**